Tracey Marie RICE, Petitioner,

v.

NATIONAL TRANSPORTATION
SAFETY BOARD, Respondent.

No. 83–3677.

United States Court of Appeals,
Sixth Circuit.

Argued Aug. 31, 1984.

Decided Oct. 10, 1984.

Michael C. Murphy, argued, Troutman, Sanders, Lockerman & Ashmore, A. Lee Parks, Jr., Meals & Parks, Atlanta, Ga., for petitioner.

Darlene M. Freeman, Chief, Enforcement Proceedings Branch, AGC–250, Regulations & Enforcement Div., F.A.A., Mardi R. Thompson, argued, AGC–250, F.A.A., Washington, D.C., for respondent.

Before MERRITT, Circuit Judge, PHILLIPS, Senior Circuit Judge, and BERTELSMAN, District Judge.*

MERRITT, Circuit Judge.

In this aircraft pilot license suspension case, petitioner, Tracey Marie Rice, a commuter airline pilot, seeks review under section 1006 of the Federal Aviation Act of 1958, 49 U.S.C. § 1486, of an order of the National Transportation Safety Board affirming an order of the Administrator of the Federal Aviation Administration. The Board affirmed the FAA order that the pilot's license be suspended for sixty (60) days for operating an aircraft in a careless manner so as to endanger the life or property of others in violation of 14 C.F.R. § 91.9.

The basic factual issue in the case at the administrative level was whether the pilot negligently ran her medium-size, twin en-

* The Honorable William O. Bertelsman, Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation.

gine, Cessna 402, Air Miami, commuter airliner off the runway during a daytime takeoff at Marathon in the Florida Keys—striking a runway light at the side of the runway and injuring a passenger in the process—or whether she nonnegligently struck an object on the runway during a normal takeoff. The essential factual issue at the administrative level was whether the pilot negligently ran the plane off the runway. The FAA Administrator concluded that she did negligently run the plane off the runway and issued a sixty (60) day suspension order. The Administrative Law Judge for the National Transportation Safety Board, after a full trial of the case on the merits, agreed and issued a written opinion rejecting the explanation of the accident given by the pilot and accepting the explanation of the accident given by other witnesses. The full Board then reviewed the proceedings and the opinion of its Administrative Law Judge, adopted his findings of fact, affirmed his decision and upheld the pilot's sixty-day suspension.

We review the Board's decision under the Administrative Procedure Act, 5 U.S.C. § 551 *et seq.*, and 49 U.S.C. § 1486 providing for review of Transportation Safety Board decisions by the Courts of Appeals.

The pilot as petitioner raises three claims of error in the adjudicative process. She claims that the Administrative Law Judge and the Board erred in not placing the burden of proof on the FAA as required by section 556(d) of Title 5 U.S.C. ("the proponent of a rule or order has the burden of proof"); she also claims that the Administrative Law Judge and the Board erred in not making findings of fact on a material issue, in violation of § 557(c) of Title 5, which requires that the factfinder in in an administrative proceeding make findings on "all material issues of fact," namely, whether the pilot left skid marks from the airplane tires on the runway. Finally, the pilot argues that the Administrative Law Judge and the Board erred in deferring to the FAA in respect to the sanction imposed. She argues that she was entitled to *de novo* review of the sixty day suspension sanction imposed under 49 U.S.C. § 1429, which governs review by the Board of an order of the FAA affecting a pilot's license.[1]

The Administrative Law Judge of the Board, following the Board's previously established rule, conducted a *de novo* evidentiary hearing on the facts of the case. It heard a number of witnesses, including passengers on the flight in question, as well as expert witnesses and the pilot. The Administrative Law Judge found that the pilot attempted to take off with dew and condensation on the outside of the front windshield of the airplane, a condition which prevented a clear view of the runway and caused her to lose a clear perception of the center line of the runway. The Administrative Law Judge found that as a result of the actions during the takeoff roll, the pilot permitted the airplane to veer to the boundary of the runway and strike a runway light located just off the left edge of the runway. As a consequence of striking the runway light, a propellor tip sheared off, came through the fuselage of the aircraft and injured a passenger sitting in the co-pilot's seat. The pilot denied that there was dew or condensation on the windshield which clouded her vision; she further denied that the aircraft on its takeoff roll veered to the left striking the runway light at the edge of the runway. A clear issue of fact was joined, and there is substantial evidence, based on the differing versions of the facts presented by the witnesses, for the Administrative Law Judge to have found either way. The factual determination depended in major part on

---

1. Section 1429, Title 49, provides in pertinent part: "Any person whose certificate is affected by such an order of the Administrator under this section may appeal the Administrator's order to the National Transportation Safety Board and the National Transportation Safety Board may, after notice and hearing, amend, modify, or reverse the Administrator's order if it finds that safety in air commerce or air transportation and the public interest do not require affirmation of the Administrator's order. In the conduct of its hearings the National Transportation Safety Board shall not be bound by the findings of fact of the Administrator."

whose testimony the Administrative Law Judge chose to credit.

■ We have reviewed the record in the case, and we do not find that the Administrative Law Judge imposed the burden of proof on the pilot, rather than the FAA, in violation of the Administrative Procedure Act. Although the Administrative Law Judge used the phrase, "affirmative defense," in referring to the pilot's case, the judge stated at the outset of his opinion that the FAA had "proved" its case and had introduced evidence sufficient "to overcome" the pilot's proof in the case. We do not find in the transcript of the record of the evidentiary hearing before the Administrative Law Judge or in the opinion any indication that the Administrative Law Judge erroneously placed the burden of proof on the pilot.

■ On the second issue, we disagree with the pilot's argument that the Administrative Law Judge had to make findings of fact on the question of whether the aircraft tires left tracks on the runway. Although it is true that this issue was a disputed issue of fact, the Administrative Law Judge could easily resolve the licensing issue, as he did, against the pilot's theory of the case without making findings on this issue. There was other strong testimony from the passenger in the co-pilot's seat that the pilot negligently took off without a clear view of the runway ahead of her and ran the airplane off the runway striking the runway lights. This testimony was corroborated in part by another passenger on the plane and also by an airport employee who testified that shortly before the takeoff he had checked the airport runway lights and found them all to be in place and further that after the takeoff roll, one of the runway lights at the left edge of the runway had been dislodged. Hence it was unnecessary in the disposition of the case at the administrative level for the Administrative Law Judge to resolve the factual issue regarding tire tracks on the runway.

The answer to the last issue respecting the type of review required to be given by the Board to the sanctions imposed by the FAA requires us to analyze the statutes and practices governing administrative review by the Board.

■ The Board, by custom, ordinarily accords *de novo* review to the FAA's findings and conclusions on the liability of pilots in licensing cases; but on the question of punishment or remedy, the Board defers to the sanctions imposed by the FAA unless "clear and compelling reasons" convince the Board that a modification is necessary. *Administrator v. Muzquiz,* 2 N.T.S.B. 1474 (1975). On liability the Board gives no deference to the FAA, but on the punishment issue the Board has established a kind of rebuttable presumption of correctness. Neither the statute governing review by the Board, 49 U.S.C. § 1429, nor the APA requires the Board to decide the question of punishment anew without any deference to the FAA decision, as the petitioner argues. Section 1429 simply provides that "after notice and hearing" the Board may "amend, modify or reverse the Administrator's order." The Administrative Procedure Act, 5 U.S.C. § 558, simply provides for notice and an opportunity to be heard on the sanction issue.

Due process does not require, as the pilot seems to argue, that the Board refuse to consider or be influenced by the sanction recommended by the FAA, just as due process does not require that the sentencing judge refuse to be influenced by the recommendation of the prosecutor or the probation officer, and just as due process does not require that an appeals court conduct a *de novo* review of the sentence imposed by a trial court. Due process recognizes that at each stage of a process of review different degrees of finality, deference or discretion may be accorded to different elements of an administrative or judicial decision under review. For example, findings of fact, questions of admissibility of evidence, order of proof, scheduling and punishment, as well as questions of law, historically have received on review different degrees or standards of deference in the legal process. It is not unreasonable for the Board to accord some weight to the punishment

imposed by the FAA Administrator and to require on the question of sanctions that the pilot show clear and compelling reasons for modification.

Accordingly, the order of the National Transportation Safety Board in this proceeding is affirmed and enforced.